IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-77,923-01 AND WR-77,923-02






EX PARTE JAMES TERRY SHELNUTT, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 59,233-D AND 59,234-D IN THE 320TH DISTRICT COURT


FROM POTTER COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two murders and
was sentenced to two concurrent terms of life in prison. The Seventh Court of Appeals affirmed the
convictions, as modified, in two unpublished opinions. Shelnutt v. State, Nos. 07-10-0322-CR and
07-10-0098-CR (Tex. App. - Amarillo del. May 12, 2011).

 Applicant contends he was not timely notified of the appellate court's decisions, and he
complains he was not informed of his right to pursue pro se petitions for discretionary review from
them. See Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997); Ex parte Riley, 193 S.W.3d 900
(Tex. Crim. App. 2006). Appellate counsel has submitted affidavits stating he did provide Applicant
with a copy of the decisions, and he states he informed Applicant of his PDR rights in a letter
accompanying the decisions. Counsel has also submitted a copy of the letter with his affidavits.
Applicant, however, states he never received the letter, and he asserts he remained unaware of the
appellate decisions until counsel informed him by letter that the mandates had issued. There are no
credibility determinations or findings from the trial court, and there is no evidence, such as prison
mail logs, indicating whether Applicant received legal mail from appellate counsel after the date
counsel indicates the correspondence was mailed.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Wilson, 956 S.W.2d at 25; Ex parte Riley, 193 S.W.3d at 900. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall resolve the issue of whether Applicant received the correspondence counsel states he mailed.
To resolve the issue, the trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
was deprived his right to file petitions for discretionary review through no fault of his own. The trial
court may also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.


 These applications will be held in abeyance until the trial court has resolved the fact issues.
The issues shall be resolved within 90 days of this order. Supplemental transcripts containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.


Filed: August 22, 2012

Do not publish